IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272 <br><br> APPROVED FORM OF SHORT FORM COMPLAINT <br><br> Civil Case Number: |
| This applies to: <br> Preston Saunders and Jeanne Saunders | JURY TRIAL DEMAND |
| Plaintiffs, <br><br> vs. <br><br> Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc. <br><br> Defendants. | |

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

1

Plaintiffs select and indicate by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiffs shall add and include them herein.

1. Plaintiffs, Preston Saunders, state and bring this civil action before the Court for the United States District Court for the District of New Mexico as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiffs are filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopt and incorporate by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff, Preston Saunders, is a resident and citizen of New Mexico and claims damages as set forth below.

5. Plaintiff's Spouse, Jeanne Saunders, is a resident and citizen of New Mexico and claims damages as a result of loss of consortium.

6. Plaintiff was born on September 10, 1948.

### ALLEGATIONS AS TO DEVICE(S) AND INJURIES

7. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his right knee on July 29, 2008 at Raymond G. Murphy VA Medical Center, by Mohinder Mital, M.D.

8. On or about July 29, 2008, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

   \_\_\_\_\_ Zimmer NexGen LPS-Flex

    \_\_\_\_\_ Zimmer NexGen CR-Flex

    \_\_\_\_\_ Zimmer NexGen GSF LPS-Flex

    \_\_\_\_\_ Zimmer NexGen GSF CR-Flex

    __X__ Zimmer NexGen MIS Tibia

9. Plaintiff underwent right knee revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on June 25, 2013, at Lovelace Medical Center by Joshua T. Carothers, M.D.

10. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

11. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 8805 Opportunity Drive, Albuquerque, NM 87109.

12. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

13. Plaintiff claims damages as a result of:

    __X__ injury to himself

    \_\_\_ injury to the person represented

    \_\_\_ wrongful death

    \_\_\_ survivorship action

    \_\_\_ economic loss

    __X__ loss of services

    __X__ loss of consortium

14. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

15. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

16. Plaintiff's Zimmer NexGen® Flex Knee femoral device bears catalog number 5964-17-52 and lot number 60384842 on his right knee.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

### COUNT I – STRICT LIABILITY DESIGN DEFECT

_____  COUNT I (a) ZIMMER LPS-FLEX;

_____  COUNT I (b) ZIMMER CR-FLEX;

_____  COUNT I (c) ZIMMER GSF LPS-FLEX;

_____  COUNT I (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT II – STRICT LIABILITY FAILURE TO WARN

_____  COUNT II (a) ZIMMER LPS-FLEX;

_____  COUNT II (b) ZIMMER CR-FLEX;

_____  COUNT II (c) ZIMMER GSF LPS-FLEX;

_____  COUNT II (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT III – STRICT LIABILITY MANUFACTURING DEFECT

_____  COUNT III (a) ZIMMER LPS-FLEX;

_____  COUNT III (b) ZIMMER CR-FLEX;

_____  COUNT III (c) ZIMMER GSF LPS-FLEX;

_____  COUNT III (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT IV – NEGLIGENCE

_____  COUNT IV (a) ZIMMER LPS-FLEX;

_____  COUNT IV (b) ZIMMER CR-FLEX;

_____  COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____  COUNT IV (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT V – NEGLIGENT MISREPRESENTATION

_____  COUNT V (a) ZIMMER LPS-FLEX;

_____  COUNT V (b) ZIMMER CR-FLEX;

_____  COUNT V (c) ZIMMER GSF LPS-FLEX;

_____  COUNT V (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VI – EXPRESS WARRANTY

_____  COUNT VI (a) ZIMMER LPS-FLEX;

_____  COUNT VI (b) ZIMMER CR-FLEX;

_____  COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____  COUNT VI (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_  COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VI – BREACH OF EXPRESS WARRANTY

_____   COUNT VI (a) ZIMMER LPS-FLEX;

_____   COUNT VI (b) ZIMMER CR-FLEX;

_____   COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VI (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_   COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

_____   COUNT VII (a) ZIMMER LPS-FLEX;

_____   COUNT VII (b) ZIMMER CR-FLEX;

_____   COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VII (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_   COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

_____   COUNT VIII (a) ZIMMER LPS-FLEX;

_____   COUNT VIII (b) ZIMMER CR-FLEX;

_____   COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VIII (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_   COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

_____   COUNT IX – LOSS OF CONSORTIUM

_____   COUNT X – WRONGFUL DEATH

_____   COUNT XI - SURVIVAL ACTION

\_\_\_X\_\_\_   COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

\_\_\_X\_\_\_   COUNT XIII – UNJUST ENRICHMENT

\_\_\_X\_\_\_   COUNT XIV – PUNITIVE DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: March 18, 2016

                                            Respectfully submitted,

                                            BRANCH LAW FIRM

                                            Turner W. Branch
                                            Margaret M. Branch
                                            Kedar Bhasker
                                            2025 Rio Grande Blvd. NW
                                            Albuquerque, NM 87104
                                            Phone: (505) 243-3500
                                            Fax: (505) 243-3534
                                            Email: tbranch@branchlawfirm.com
                                            Email: mbranch@branchlawfirm.com
                                            Email: kbhasker@branchlawfirm.com

                                                *-and-*

Case 1:16-cv-00208-SMV-KK Document 1 Filed 03/18/16 Page 8 of 8

Matthew B. Moreland, Esq.
Jennifer L. Crose, Esq.
**Becnel Law Firm, L.L.C.**
P.O. Drawer H
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
Email: mmoreland@becnellaw.com
Email: jcrose@becnellaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2016, a copy of the foregoing Plaintiffs' Short Form Complaint for Zimmer Nexgen Knee Implant Products Liability Litigation was served, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

Peter Meyer, Esquire
**Faegre Baker Daniels LLP**
110 West Berry Street, Suite 2400
Fort Wayne, IN 46802-2322
peter.meyer@FaegreBD.com

_____
**Turner W. Branch**

8